IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

H. DYMITRI HARASZEWSKI,

    Plaintiff,                    No. 2: 11-cv-3261 DAD P

    vs.

MULE CREEK STATE PRISON,

    Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding *pro se* with a complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff asserted in his complaint that he feared he would soon suffer a "deprivation of lawful property following an investigation regarding threats [he] allegedly sent by legal mail." (Dkt. No. 1 at p. 1).  On December 22, 2011, plaintiff was ordered to submit either the $350.00 filing fee or a properly completed in forma pauperis application within thirty days of that order.  Plaintiff failed to do so.  Therefore, by order filed January 25, 2012, this action was dismissed without prejudice.

        In a document dated December 25, 2011, but not entered on this court's docket until August 23, 2012, plaintiff filed a "motion to clarify." (Dkt. No. 8.)  Therein, he seeks to have his civil rights complaint construed as a habeas petition or a Rule 65(a) motion.  As

/////

1

1  explained above, this civil rights action was closed on January 25, 2012 due to plaintiff's failure
2  to file an in forma pauperis application or pay the required filing fee.

3        Plaintiff is advised that documents he has filed since the date this action was
4  closed will be disregarded and no orders will issue in response to future filings.  Plaintiff's
5  "motion to clarify" was dated by him prior to this civil action being closed.  Nevertheless, the
6  rationale for the court's dismissal of this case without prejudice is not altered by his "motion to
7  clarify."  Rather, it remains the case that plaintiff never filed an in forma pauperis application
8  nor paid the applicable filing fee in connection with this action and it was therefore dismissed
9  without prejudice.[1]

10       Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to clarify (Dkt.
11 No. 8.) is DENIED.
12 DATED: October 3, 2012.

                                            DALE A. DROZD
                                            UNITED STATES MAGISTRATE JUDGE

16 DAD:dpw
    hara3261.motclarify

---

[1] It is also worth noting that "[h]abeas proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement.  A civil rights action, in contrast, is the proper method of challenging conditions of . . . confinement." Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (internal quotation marks and citations omitted).

2